Minshall, J.
The legal effect of the garnishment of a debtor of the defendant is, where judgment is rendered for thé plaintiff, to transfer the indebtedness of the garnishee to the plaintiff in the attachment so far as. the same may be necessary. to satisfy his judgment. Secor v. Witter, 39 Ohio St. 218. And as a security is always regarded as an incident to the debt,: it follows that where the indebtedness of the garnishee is secured by mortgage, the garnishment of the indebtedness carrieswith it the mortgage. Edwards v. Edwards, 24 Ohio St. 411. It is true that this was the case of a creditor’s bill, but no reason is perceived why a creditor should not be entitled to the securities held by his debtor in the one case as well as in the other. The garnishee may be insolvent, but his indebtedness to the plaintiff’s debtor may be amply secured by mortgage, and, for such reason, of the same value as if the debtor was entirely solvent; and it is this value that, as a part of the effects of the debtor, the creditor is entitled to have applied to the satisfaction of his claim.
So that, in this case, Alsdorf by the garnishment of the Vanatt-as, acquired the right to foreclose the mortgage they had executed to Eccd, unless the indebtedness had been paid before the process was served on them. This is what, as appears from his petition, Alsdorf sought to do. He set forth the proceedings in his suit in attachment against Eecd, the garnishment of the "Vanattas, and the judgment and an order in his favor, the execution and record of the mortgage, with a description of the property, and averred that the notes were all due but not all paid, and prayed for a foreclosure and an order of sale. He might have ignored the existence of the mortgage, and have asked for a personal judgment only against the garnishee, upon the averment that her answer was unsatisfactory; in other words, that, as a matter of fact, she was indebted to Eeed. In such case there would be but little room for doubt, that neither party could have appealed from the judgment that might have *656 been rendered in the action. In saying this we ignore for the time being the coverture of Florence Vanatta. He has, however, omitted the pursuit of this remedy, and seeks a foreclosure of the mortgage and an order of sale. Prudential reasons may have, and no doubt did, determine him in taking this course. A judgment for money only would have simply placed him upon a footing with the general creditors of the garnishee, and so might have been of no avail. But in foreclosing the mortgage he succeeds to the rights of Reed, and is entitled to be paid according to the priority of the mortgage as a lien upon the land.
If instead of having acquired his right to foreclose the mortgage by process of garnishment, it had been assigned to him by Reed as a security for his debt, it will not be claimed that in a suit to foreclose it and for an order of sale, without a prayer for a personal judgment upon the notes, either party would have been entitled to a jury trial upon any issue of fact that might have been joined; and, as a consequence, neither could have appealed from any judgment against him in the action. Ladd v. James, 10 Ohio St. 437. But the right to appeal does not depend upon the manner in which the title to the mortgage may have been acquired; this right is determined by the nature of the relief that is sought and obtained. "When a money judgment will answer the demand of the plaintiff, is all that is sought and all that is obtained, either party is entitled to a jury trial upon any issue of fact joined in the action, and no appeal can be had from the judgment rendered. Dunn v. Kanmacher, 26 Ohio St. 497; Chapman v. Lee, 45 Ohio St. 356; Brundridge v. Goodlove, 30 Ohio St. 374; Averill Coal & Oil Co. v. Verner, 22 Ohio St. 372. Where, however, other relief is required, as the reformation of an instrument, preparatory to a recovery of damages for a breach of it, as was the case in Rowland v. Entrekin, 27 Ohio St. 47, and also in Ellsworth v. Holcomb, 28 Ohio St. 66; or, where an order of sale and a distribution of the fund is required as in the forclosure of a mortgage, the relief sought goes beyond a mere money judgment, and either party may appeal from the judgment against him. Ladd v. James, supra, and Fleming v. Kerkendall, 31 Ohio St. 568.
*657 But, in this case the garnishee, Florence Yanatta, who appeared and answered, was a married woman. She seems to have been the principal in the indebtedness, as the land mortgaged had been sold and conveyed to her. No personal judgment could at that time have been rendered against her as garnishee; the most that could have been done as against her, would have been to make the amount found due a charge upon her separate estate, and have ordered it sold, unless paid. Phillips v. Graves, 20 Ohio St. 371. And this is another reason for holding that the action was appealable. Avery v. Vansickle, 35 Ohio St. 270. ~We think the circuit court erred in dismissing the appeal.

Judgment reversed and cause remanded for further proceedings.